IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROSA SOTO-VALENTIN,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 11-1837 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Rosa Soto-Valentín (hereafter plaintiff "Soto-Valentín") filed this action for judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying her application for a period of disability and ensuing disability benefits. (Docket No. 1). Plaintiff Soto-Valentín submits the administrative determination denying her a period of disability because of a moderate depressive disorder as of December 1, 2004, should be set aside for the administrative decision that she could still perform her past relevant work was not supported by substantial evidence.[1]  On January 30, 2012, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 7 and 8). On February 1, 2012, plaintiff Soto-Valentín, through her legal representative, Atty. Salvador Medina De-La-Cruz, consented to proceed before the Magistrate Judge. (Docket No. 9).[2]  On May 30, 2012, Atty. Medina De-La-Cruz

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
 "... [t]he court shall have power to enter, upon the pleadings and transcript
  of the record, a judgment without remanding the cause for rehearing".  Section 205(g).

[2] The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases.  Title 28, United States Code, Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

filed plaintiff's memorandum of law. (Docket No. 18). Thereafter, the Commissioner filed his memorandum. (Docket No. 21).

## BACKGROUND

On January 18, 2006, plaintiff Soto-Valentín filed her application for disability benefits alleging onset date of disability since December 1, 2004, because of a mental condition. After the application was initially denied, the requested administrative hearing was held. On May 9, 2009, the presiding Administrative Law Judge ("ALJ") issued an opinion finding plaintiff Soto-Valentín not disabled. The Appeals Council denied the request for review.

Plaintiff Soto-Valentín seeks herein judicial review of the final decision of the Commissioner on grounds the ALJ did not deploy the legal standard when he submitted hypothetical questions to the vocational expert at the administrative hearing. Plaintiff submits the questions did not convey all of plaintiff's limitations, and as such, ignored vital medical evidence and relevant facts. Plaintiff's memorandum of law also submits the ALJ failed to rely on the opinion of the treating physicians for not giving proper weight or explaining why same was not considered. (Docket No. 18, p. 3).

The Commissioner's memorandum of law summarizes the medical evidence of record which served as ground to the ALJ's findings. It also refers to the vocational expert's testimony insofar that plaintiff Soto-Valentín worked in the tuna cannery industry which is an unskilled job not requiring formal education. Upon plaintiff being found able to retain the residual functional capacity for simple, repetitive tasks that need not interact with the

public and have only occasional interaction with co-workers and supervisors, plaintiff's emotional condition did not preclude performance of same.

The ALJ considered the medical evidence of record, the testimony of a vocational expert, as well as allowed plaintiff's legal representative to ask questions to the vocational expert. Then, on May 19, 2009 the ALJ issued an opinion finding plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, except for executing complex instructions. The residual functional capacity allowed Soto-Valentín to perform work that was simple, repetitive, unskilled, not involving contact with the public and frequent contact with supervisors and co-workers. As such, the limitations allowed plaintiff to perform her past relevant work and she was considered not under disability.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff Soto-Valentín claimed disability due to a non-exertional condition, that is, a mental impairment diagnosed as moderate severe depression. Plaintiff Soto-Valentín waived her appearance at the administrative hearing. (Docket No. 7, Trans., p. 19). The ALJ concluded that plaintiff Soto-Valentín's mental condition was a depressive disorder, moderate in intensity, which resulted only in slight limitations to her capacity to perform regular work activity. (*Id.*, p. 20).

## THE ALJ'S DECISION AND THE APPEALS COUNCIL

The ALJ applied in his administrative process the evaluation process mandated by law, insofar as concluding that plaintiff: (1) met the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits through December 31, 2006; (2) had not engaged in substantial gainful activity since the alleged onset date

of disability in the year 2004; (3) allegations of severe impairments or combination thereof did not have more than a minimal affect on her ability to perform basic work-related activities, and did not constitute a severe impairment; (4) plaintiff did not have an impairment or combination that meets or equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) upon consideration of the entire record plaintiff had the residual functional capacity to perform the full range of all type of work from onset date of disability in 2004 and up to the date she was last insured. Considering plaintiff's residual functional capacities for all type of work, with the slight limitation of following and executing complex instructions, the ALJ determined she could not perform her previous kind of work as a tuna factory worker.

## LEGAL ANALYSIS

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that she is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the

Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of

impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f). The ALJ in the instant case examined and analyzed plaintiff's case following the relevant five steps above described, as applicable, although only examined same up to step four upon finding Soto-Valentín could still perform her past relevant work.

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the present case, plaintiff Soto-Valentín was found by the ALJ able to perform her previous past relevant work as tuna factory worker and, thus, need not continue from the examination after said

step four consideration. By determining the residual functional capacity for full range of all kind of work, which logically follows that her past relevant work could be performed, and upon the testimony of a vocational expert, the ALJ concluded the previous job in the tuna factory was not precluded. Said job was one within the residual functional capacity, for the vocational expert testified it was very elemental, repetitive and routine type of job. (Docket No. 7, Transcript, p. 241).

Plaintiff's memorandum of law submits several aspects of the case in regards to the medical evidence and the combination of plaintiff's impairments, particularly that no proper weight was given by the ALJ to the treating physicians' medical reports. (Docket No. 18, p. 3). Plaintiff's memorandum also avers the vocational expert was not presented with the full panoply of relevant hypothetical questions which accurately reflect all of plaintiff's limitations. (*Id.*). Plaintiff provides a synopsis of the various different reports with dates as these appear on record as to the treating psychiatrist, Dr. Ariel Rojas-Davis (hereafter "Dr. Rojas-Davis"). (*Id.*, pp. 5-8). Still, plaintiff submits the residual capacity even upon a diagnostic of major, depression, recurrent, severe, allowed for understanding and remembering very short and simple instructions and respond to criticism from supervisors. (*Id.*, p. 7).

As to the vocational expert, plaintiff indicates that, upon questions of plaintiff's representative, for an individual with a profile of limited concentration and attention to no more than 20 minutes consecutive and being absent four days a month, would preclude performance of her past relevant work and any other work. (Docket No. 7, Transcript p. 7).

Plaintiff avers the questions submitted by the ALJ to the vocational expert were not based on the opinion of Dr. Rojas-Davis, the treating psychiatrist. (*Id.*, p. 11).

The Court of Appeals the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

The Commissioner, through the ALJ, is authorized to give greater weight to testimony and reports of medical experts commissioned by the administrative agency than to testimony and reports of other medical experts in determining whether a claimant is disabled. Similarly, the ALJ is entitled to reject a treating physician's conclusions that a claimant is totally disabled and accept contradictory medical evidence in the record. Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988). That more weight is given to those reports of non-primary treating physician is not an error of the ALJ. *See* Barrientos v. Secretary of Health & Human Servs., 820 F.2d 1, 2-3 (1st Cir. 1987). On the basis of this legal precedent, the ALJ made the determinations as to plaintiff Soto-Valentín's limitations as supported by the medical record and thereafter submitted the

relevant questions to the vocational expert, as the opinion of the treating psychiatrists could not be the only uncontroverted evidence regarding plaintiff's impairments.

Plaintiff's memorandum submits that the testimony of a vocational expert who, in response to the ALJ's hypothetical questions, opined that plaintiff could perform a number of jobs, may not serve the ALJ as substantial evidence to support a finding that plaintiff is not disabled. Those hypothetical questions impermissibly omitted any mention of a significant functional limitation arising from the uncontested medical condition and fatigue symptoms associated with plaintiff's chronic fatigue syndrome condition and thus were insufficient. *See* Rose v. Shalala, 34 F.3d 13,19 (1st Cir. 1994) (remanding for further proceedings because the ALJ did not ask the vocational expert proper questions about non-exertional limitations); *see, e.g.*, Arocho v. Secretary of HHS, 670 F.2d 374, 375 (1st Cir.1982).

However, the ALJ presented the vocational expert with the corresponding questions as to limitations within the residual functional capacity for all kind of work with the assessed restrictions of being limited to simple, repetitive tasks and without contact with the public and occasional contact with co-workers and supervisors.

Notwithstanding the objection of plaintiff's legal representative to the hypothetical questions, the ALJ provided the vocational expert with the necessary premises as sustained by the medical record on plaintiff's limitations imposed by her mental condition. Plaintiff's legal representation added thereafter to the hypothetical questions for which the more

stringent limitations appear on record but the ALJ did not consider them relevant and/or based on credible determinations based on the consistent medical evidence of record.

The ALJ had a consultative evaluation by Dr. Armando Caro in June of 2003 in which it was reported the patient had anxiety, depressed mood, anhedonia, poor sleep, irritability, poor concentration and memory and worthless feeling. Medications prescribed by the attending psychiatrist, Dr. Rojas-Davis were Prozac and Xanax. Dr. Caro noted plaintiff was well-groomed and appeared her stated age, had fair eye contact and speech was fluent, coherent and logical. She was also fully oriented in the three spheres and short, recent and remote memory were preserved. Insight and judgment were fair. (Docket No. 7, Transcript, pp. 149-151).

Dr. Rojas-Davis, the treating psychiatrist completed a medical report on April 7, 2005, referring to initial visit in March of 2002. Plaintiff Soto-Valentín had several visits throughout 2002-2005. Dr. Rojas-Davis observed a depressed mood, somewhat diminished short-term memory and frequent distraction in the last visit. The patient was still described as being fully oriented, with preserved recent and remote memory, adequate intellectual functioning, concentration, insight and judgement. The diagnosis was of major depressive disorder with poor prognosis and ability to manage her own funds. (*Id.*, p. 192).

A second report by Dr. Rojas-Davis appears for November 2005. It referred to no withdrawal or isolation, generalized persistent anxiety, blunt effect, illogical thinking, panic attacks, impaired impulse control and be easily distracted. The diagnosis remained the same. Dr. Rojas-Davis considered the patient was limited in all work-related abilities and

she could understand and remember very short and simple instructions, could not maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and sustain an ordinary routine without supervision. Dr. Rojas-Davis stated the patient's impairments would cause her to be absent from work more than four times per month as of March 15, 2002. (*Id.*, pp. 177-192).

Dr. Carlos Vázquez, a state agency psychologist, indicated that from December 1, 2004 through August 2, 2006 plaintiff Soto-Valentín had a non-severe affective disorder, a slightly depressed mood and no anxiety disorder. Restrictions of activities of daily living, difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence or pace were considered mild. (*Id.*, pp. 152, 163, 167). Dr. Luis Sánchez, a state agency psychiatrist, also assessed the mental impairments on May 24, 2007, for the same time period above and concluded the affective disorder was not severe. Symptoms were depressed mood, without an anxiety disorder and restrictions of daily living and in maintaining concentration, persistence or pace were considered mild. It was also noted the treating psychiatrist Dr. Rojas-Davis' record showed a significant gap in treatment dates. (*Id.*, pp. 204, 208).

The vocational expert referred to plaintiff Soto-Valentín previous job as a quality inspector in a tuna processing plant from 1977 through 2001. The job consisted mainly in checking clean pieces of fish from a conveyor belt to make sure these were clean from bones or scales and inspect tuna cans before sealing. She would not supervise other people and was not a lead worker. Plaintiff Soto-Valentín left her work after being laid-off and did not

work since that time. The previous job did not require formal education and can be learned in one or two steps. The vocational expert testified at the administrative hearing that if plaintiff was limited to simple, repetitive tasks, would not interact with the public and had only occasional contact with co-workers and supervisors, Soto-Valentín could perform her previous job in the tuna factory.

The ALJ considered the medical evidence from consultative medical experts that plaintiff showed during examinations normal appearance, proper eye contact, was oriented, and have preserved judgment and insight. The treating psychiatrist Dr. Rojas-Davis also referred to the patient being fully oriented with preserved recent and remote memory, adequate intellectual functioning and only mildly impaired short-term memory and concentration. Medication prescribed was not increased during treatment. The frequency of the visits to Dr. Rojas-Davis were reduced from monthly to bi-monthly during her treatment period.

Courts give deference to the ALJ's interpretation of the medical record and notice that, although an ALJ is not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion, upon the existence of conflicts in the medical record from the report and sources, it is still not for the Court to resolve same. *See* Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lizotte v. Secretary of Health & Human Servs., 654 F.2d 127 (1st Cir. 1981) (the resolutions of conflicts in the evidence and the determination of the ultimate question of disability is for him [the ALJ], not for the doctors or for the courts). *See also* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st

Rosa Soto-Valentín v. Commissioner of S.S.
Opinion and Order
Civil No. 11-1837 (CVR)
Page No. 13

Cir. 1981). A treating physician's opinion deserves credit when well-supported by medically clinical and laboratory techniques and, as to Dr. Rojas-Davis, there is no indicia of having performed a mental status examination between April and November 2005, mostly reporting plaintiff's subjective complaints, such as poor appetite and sleep, nor included any progress or treatment notes to his two medical reports. The absence of such notes was still not determinative to the ALJ for it appears as a mere reference at step two of the five-step sequential consideration insofar that plaintiff's depression was a severe impairment. For the most part, Dr. Rojas-Davis' findings are also for dates past plaintiff's insured period of December 31, 2006 –2007 and 2009.

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[3] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

---

[3] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

In view of the foregoing, this Magistrate Judge opines the decision of the Commissioner is supported by substantial evidence in the record as whole, for which reason it should be AFFIRMED.

**CONCLUSION**

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and considered whether there was substantial evidence in support of the decision rendered by the Commissioner concludes the Commissioner's decision is supported by substantial evidence. As such, the Commissioner's decision is **AFFIRMED**.

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 9th day of January of 2013.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE